The Honorable Steve Faris State Representative Route 2, Box 365 Malvern, Arkansas 72104-9625
Dear Representative Faris:
This is in response to your request for an opinion on the following question:
 Are there any prohibitions that would prevent a state highway policeman from running as a candidate for county sheriff?
In light of Act 1214 of 1997, it is my opinion that state law does not prohibit an officer of the Arkansas Highway Police Division of the Arkansas State Highway and Transportation Department from being a candidate for the office of county sheriff. Federal law may, however, be applicable to this question.
Act 1214 of 1997, entitled "An Act Concerning Political Activity of Public Employees; and For Other Purposes," provides in part:
 Notwithstanding any law to the contrary, no employee of the state, a county, a municipality, a school district, or any other political subdivision of this state shall be deprived of his or her right to run as a candidate for an elective office or to express his or her opinion as a citizen on political subjects; unless as necessary to meet the requirements of federal law as pertains to employees.
Accordingly, it appears that the legislature clearly intended to permit a public employee "to run as a candidate for an elective office." Nevertheless, as indicated by Act 1214, federal law must also be considered. The federal Hatch Act, which is codified as 5 U.S.C.A. § 1501et seq., provides that a state or local officer or employee covered by the act may not be a candidate for elective office.5 U.S.C.A. § 1502(a)(3); see also Op. Att'y Gen. 96-075. The act applies to individuals whose principal employment by a state or local agency is in connection with an activity which is financed in whole or in part by loans or grants made by the United States or a federal agency.5 U.S.C.A. § 1501(4). Non-partisan races and candidates for those races are exempted from the Hatch Act. 5 U.S.C.A. § 1503.
The question of whether the Hatch Act is applicable to a particular employee is a question of fact. In addition, responsibility for enforcement of the Hatch Act rests with the United States Merit Systems Protection Board and the Office of Special Counsel. 5 U.S.C.A. § 1504. This office is therefore not in a position to make any conclusive determinations with regard to the act's applicability. The foregoing should, however, offer guidance in addressing the issue with regard to a particular employee.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Warren T. Readnour.
Sincerely,
WINSTON BRYANT Attorney General
WB:WTR/cyh